UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> $17,390.00 IN UNITED STATES CURRENCY, <br><br> DEFENDANT. | CIVIL ACTION NO.: |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW the United States of America, Plaintiff in the above-styled action, by Kurt R. Erskine, Acting United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, pursuant to 21 U.S.C. § 881 (a)(6) and 18 U.S.C. §§ 981(a)(1)(C) and 981(b)(2)(A)-(C), and files this Verified Complaint for Forfeiture, showing the Court as follows:

### NATURE OF THE ACTION

1. On or about February 14, 2021, the Drug Enforcement Administration ("DEA") seized $17,390.00 in United States currency from Montreal Robinson's person and a backpack in the trunk of a black 2018 Dodge Charger registered to him (DEFENDANT CURRENCY).

1

2. DEFENDANT CURRENCY is presently within the jurisdiction of this Court and is being held by the United States Marshals Service at a secure location.

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over DEFENDANT CURRENCY pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## FORFEITURE STATUTES

6. Pursuant to 21 U.S.C. § 881(a)(6), all moneys and things of value that were furnished or intended to be furnished in exchange for a controlled substance, that constitute proceeds traceable to such an exchange, or that were used or were intended to be used to facilitate the sale or exchange of a controlled substance in violation of 21 U.S.C. §§ 841 and 846 are subject to seizure and forfeiture to the United States.

7. DEFENDANT CURRENCY is also subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(b)(2)(A)-(C) on the grounds that it constitutes or

was derived from proceeds traceable to a violation of a "specified unlawful activity" as defined in U.S.C § 1956(c)(7).

8. 18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

9. 18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

## FACTUAL BACKGROUND

10. On or about February 14, 2021, Deputy Tyler Long with the Coweta County Sherriff's Office was working patrol on Interstate 85 northbound in Newnan, Georgia when he was advised by the Georgia State Patrol to be on the lookout for a black 2018 Dodge Charger.

11. The black 2018 Dodge Charger was registered to Robinson, who had multiple warrants from the Atlanta Police Department, including Fleeing and Attempting to Elude.

12. Deputy Long observed the 2018 Dodge Charger travelling northbound on Interstate 85 and initiated a traffic stop along with backup from Georgia State Patrol troopers and other Coweta County Sherriff deputies.

13. The driver of the vehicle, later identified as Kyone Shante Moreland, was detained after being instructed to exit the vehicle.

14. Robinson was a passenger in the black 2018 Dodge Charger. He was detained after being instructed to exit the vehicle.

15. Deputy Long confirmed Robinson's identity and validated the outstanding warrants.

16. During the traffic stop, Deputy Long smelled the odor of marijuana coming from the passenger compartment of the black 2018 Dodge Charger and searched the vehicle.

17. Deputy Long located a backpack containing several bundles of United States currency and a clear plastic container holding less than an ounce of marijuana.

18. Deputy long searched Robinson's person and located additional bundles of United States currency.

19. As described in paragraph 1, DEFENDANT CURRENCY consists of $17,390.00, the total amount of United States currency located during the search of Robinson's person and the backpack located in the black 2018 Dodge Charger registered to him.

20. DEFENDANT CURRENCY is comprised of various denominations of United States currency, including:

- 20 $100.00 bills,
- 23 $50.00 bills,

- 678 $20.00 bills,

- 65 $10.00 bills, and

- six $5.00 bills.

21. A black Stag Arms AR Pistol, with a magazine containing ammunition was also located in the trunk of the black 2018 Dodge Charger.

22. A further search of the vehicle yielded marijuana in a black plastic baggie inside a cigarillo pack.

23. Robinson was charged with possession of marijuana with intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. He was taken into custody without incident.

24. The 2018 Dodge Charger was turned over to the driver, Moreland, who was not arrested.

25. Robinson's criminal drug history includes a February 10, 2014 conviction in Dougherty County, Georgia for purchase, possession, manufacture, distribution or sale of marijuana, possession of cocaine with intent to distribute, and possession of a schedule I or schedule II controlled substance with intent to distribute.

26. The marijuana located in the black 2018 Dodge Charger was stored at the Coweta County Sheriff's Office property room until it was transferred to the Georgia Bureau of Investigation crime lab.

27. DEFENDANT CURRENCY was stored at the Coweta County Sheriff's Office until it was turned over to the United States Marshals Service.

28. On or about May 4, 2021, Robinson, by and through counsel, filed a claim to DEFENDANT CURRENCY, asserting he was an innocent owner and that he earned DEFENDANT CURRENCY from "entertainment performances as an artist."

## CONCLUSION

29. Based on the foregoing, DEFENDANT CURRENCY is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. §§ 841 and 846.

30. DEFENDANT CURRENCY is also subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(b)(2)(A)-(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely the illegal distribution of controlled substances.

WHEREFORE, Plaintiff prays:

(1) that the Court forfeit DEFENDANT CURRENCY to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3) that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 2nd day of August, 2021.

        Respectfully submitted,

        Kurt R. Erskine
           *Acting United States Attorney*

        <u>/s/ Norman L. Barnett</u>
        NORMAN L. BARNETT
           *Assistant United States Attorney*
        Georgia Bar No. 153292
        75 Ted Turner Dr., S.W., Ste. 600
        Atlanta, Georgia 30303
        404-581-6323
        norman.barnett@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$17,390.00 IN UNITED STATES CURRENCY,<br><br>DEFENDANT. | CIVIL ACTION NO.: |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Drug Enforcement Administration Task Force Officer Jonathan D. Keeble, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This _2 ND_ day of August, 2021.

_____
TASK FORCE OFFICER JONATHAN D. KEEBLE
DRUG ENFORCEMENT ADMINISTRATION